**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Troy,<br><br>　　　　　Plaintiff,<br>vs.<br><br>Equifax Information Services, LLC, et al.,<br><br>　　　　　Defendants. | No. CV-20-01447-PHX-SPL<br><br>**ORDER** |

  Before the Court is Defendant Trans Union LLC ("Trans Union")'s Motion for Judgment on the Pleadings filed pursuant to Fed. R. Civ. P. ("Rule") 12(c). (Doc. 53) The Motion is fully briefed. (Docs. 56, 59) For the following reasons, the Court will deny the Motion. Also before the Court is Defendant Trans Union's Motion to Stay Discovery pending the Court's ruling on the Motion for Judgment on the Pleadings. (Doc. 55) Because this Order resolves the Motion for Judgment on the Pleadings, the Court will deny the Motion to Stay as moot.

**I. BACKGROUND**

  This case arises out of alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Plaintiff James Troy filed a Complaint on July 22, 2020 against Defendants Equifax Information Services, LLC ("Equifax"), Trans Union, and Jefferson Capital Systems, LLC ("Jefferson Capital"). (Doc. 1) Equifax and Trans Union are consumer reporting agencies ("CRAs") as defined in 15 U.S.C. § 1681a(f). Jefferson Capital is a debt collection agency that furnishes data to CRAs. (Doc. 53 at 2) Equifax and

Jefferson Capital have since been dismissed from the case. (Docs. 33, 54) The remaining claims asserted against Trans Union are: Count V: Negligent Violation of the Fair Credit Reporting Act and Count VI: Willful Violation of the Fair Credit Reporting Act. (Doc. 1 at ¶¶42–55) Plaintiff alleges Trans Union violated 15 U.S.C. §§ 1681e(b) and 1681i by inaccurately reporting his Jefferson Capital account by including notations that said "accounts in dispute" (Doc. 1 at ¶¶14,44,51) and by failing to conduct a reasonable reinvestigation into the matter after the inaccuracy was reported. (Doc. 1 at ¶¶46,53) Trans Union moves for a judgment on the pleadings under Rule 12(c), arguing it cannot be held liable for violating either FCRA subsection. (Doc. 53 at 2)

## II. LEGAL STANDARD

"Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted). Under both Rule 12(c) and 12(b)(6), a pleading must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. DISCUSSION

FCRA § 1681e(b) requires CRAs to "follow reasonable procedures to assure maximum possible accuracy" of the information it places in individual's consumer reports. If the accuracy of reported information is disputed by the consumer, FCRA § 1681i(a)(1)(A) requires the CRA to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…" The reinvestigation must take place within 30 days of when the CRA receives notice of the dispute whether by direct notification from the consumer or indirect notification through a reseller, unless the exception for additional information applies. 15 U.S.C. § 1681i(a)(1)(A).

Plaintiff alleges Trans Union has negligently and willfully violated both FCRA provisions. (Doc. 1 at ¶¶14,44,46,51,53)

### A. Negligent Violation

"In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Bornstein v. Trans Union LLC*, No. CV-18-04773-PHX-JJT, 2019 WL 2372020, at *2 (D. Ariz. June 5, 2019) (internal citations omitted). A plaintiff filing suit under § 1681i "must make a *prima facie* showing of inaccurate reporting." *Id.* (internal citations omitted). Thus, to sustain a claim under either section of the statute, Plaintiff is required to demonstrate Trans Union reported a factual inaccuracy on his credit report. *Id.*

Here, Plaintiff alleged in the Complaint that Trans Union reported Plaintiff had "accounts in dispute" with Jefferson Capital. (Doc. 1 at ¶9) Plaintiff allegedly told Trans Union the information was inaccurate, because he no longer disputed the accounts. (Doc. 1 at ¶¶10,44,51) Plaintiff further alleged Jefferson Capital verified to Trans Union that its reporting was accurate. (Doc. 1 at ¶13) Trans Union did not remove the notation of the accounts in dispute. (Doc. 1 at ¶14) Plaintiff alleged Trans Union negligently failed to "maintain and/or follow reasonable procedures to assume maximum possible accuracy of the information it reported…pertaining to Plaintiff, in violation of 15 U.S.C. [§] 1681e(b)." (Doc. 1 at ¶45) Plaintiff further alleged Trans Union "negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. [§] 1681i." (Doc. 1 at ¶46).

*i.   Making a* prima facie *case under § 1681e*

"As this Court—and the Ninth Circuit—have repeated frequently, a plaintiff need only allege that her credit report contained an inaccuracy to make her *prima facie* case—and survive a motion to dismiss—under § 1681e." *Hamm v. Equifax Info. Servs. LLC*, No. CV-17-03821-PHX-JJT, 2018 WL 3548759, at *4 (D. Ariz. July 24, 2018) (citing *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Neill v. Experian Info. Sols., Inc.*, No. CV-16-04326-PHX-JJT, 2017 WL 3838671, at *2 (D. Ariz.

Sept. 1, 2017); *Loomis v. U.S. Bank Home Mortg.*, 912 F. Supp. 2d 848, 855 (D. Ariz. 2012)). Accordingly, Plaintiff has met his burden for the motion to dismiss standard as to the alleged § 1681e(b) violation, which is the same standard for a motion for judgment on the pleadings. *See Chavez*, 683 F.3d at 1108.

    *ii.*    *Arguments regarding notification to the furnisher*

Trans Union argues it was not obligated to remove the notation because FCRA § 1681s-2(a)(3) requires furnishers to maintain such notations unless the consumer directly informs them of the inaccuracy, which should mean CRAs also do not have to remove the notations unless the consumer directly notifies the furnisher. (Doc. 53 at 4–7) Here, the Complaint alleges Plaintiff wrote to Trans Union and Equifax about the inaccuracy. (Doc. 1 at ¶10) The Complaint is silent as to whether Plaintiff contacted Jefferson Capital, but the response brief states the parties agree Plaintiff did not notify Jefferson Capital. (Doc. 56 at 12, 14)

Trans Union asks the Court to apply *Roth v. Equifax Info. Servs., LLC*, in which this Court granted defendant furnisher's motion to dismiss because the plaintiff did not directly inform the furnisher debt collector it no longer disputed the debt at issue and thus could not maintain a claim under 15 U.S.C. § 1681s-2(b), to the instant issue. No. 2:16-CV-04325 JWS, 2017 WL 2181758, at *3 (D. Ariz. May 17, 2017). Plaintiff is correct in his assertion that *Roth* is not on point because the moving defendant was the furnisher, not the CRA, which is unanalogous to the instant case and motion. (Doc. 56 at 11)

Section 1681s-2(a)(3) does not discuss requirements for CRAs; it discusses requirements for furnishers. It requires the furnisher to provide notice to the CRA if the furnisher is notified of an inaccuracy by the consumer. *Id.* However, the CRA need not wait to hear from a furnisher that has learned of an inaccuracy directly from a customer — in fact, § 1681i(a) "expressly contemplates" direct notification to the CRA by the consumer. *See Wheeler v. Trans Union LLC*, No. CV-17-03328-PHX-JAT, 2018 WL 2431876, at *4 (D. Ariz. May 30, 2018) (citing § 1681i(a)(1)(A)). Defendant argues *Wheeler* does not apply to this case because there the Court focused on the reasonableness

4

of the defendant's procedures and not whether defendant had an obligation to remove a dispute notation unless told to do so by the furnisher. (Doc. 59 at 4–5) Defendant also provided the Court with several Northern District of Georgia cases it claims are on-point as to both alleged FCRA violations. (Doc. 53 at 1–3) Article I magistrate judges in the Northern District of Georgia recently found §§ 1681e(b) and 1681i claims against CRAs could not be maintained when the plaintiff failed to report the erroneous notation directly to the furnisher under § 1681s-2(a)(3). *See Carol Jones v. Equifax Info. Servs., LLC, et al.*, No. 2:20-cv-00253-RWS, ECF No. 34 at 13–18 (N.D. Ga. June 14, 2021).[1] The Georgia magistrate judge stated he was applying the logic of earlier cases dismissing claims against furnishers after plaintiffs failed to directly notify them of errors to the claims against CRAs, finding direct notification to the furnisher is a prerequisite to bringing a claim against CRA. *See Carol Jones*, No. 2:20-cv-00253-RWS, ECF No. 34 at 11 (citing *Hardnett v. Equifax Info. Servs., LLC*, No. 120CV03017LMMRDC, 2021 WL 2201301 (N.D. Ga. Apr. 26, 2021); *White v. Equifax Info. Servs., LLC*, No. 120CV01870LMMAJB, 2020 WL 9607010 (N.D. Ga. Nov. 27, 2020), *report and recommendation adopted sub nom. White v. Wells Fargo Bank, N.A.*, No. 120CV01870LMMAJB, 2021 WL 2020612 (N.D. Ga. Feb. 17, 2021); *Briscoe v. Equifax Info. Servs., LLC*, No. 120CV02239WMRCMS, 2020 WL 10046994 (N.D. Ga. Oct. 27, 2020), *report and recommendation adopted*, No. 1:20-CV-02239-WMR, 2021 WL 2376663 (N.D. Ga. Jan. 12, 2021); *McGee v. Equifax Info. Servs., LLC*, No. 118CV04144MHCCMS, 2019 WL 2714505 (N.D. Ga. Mar. 19, 2019), *report and recommendation adopted*, No. 1:18-CV-4144-MHC-CMS, 2019 WL 2714497 (N.D. Ga. Apr. 9, 2019)). However, in other cases in the Northern District of Georgia, the magistrate judges found that if the plaintiff *could have* or *had* alleged that they reported the inaccurate information directly to the CRA, the claim against the CRA could proceed.

---

[1] These reports and recommendations have not yet been adopted because the period for each party to file written objections has not yet ended in either case. *Griffin v. Equifax Info. Servs., LLC, et al.*, 1:20-cv-02316-CCB, ECF No. 66 (N.D. Ga. July 21, 2021); *Jordan v. Equifax Info. Servs., LLC, et al.*, 3:20-cv-00199-TCB-RGV, ECF No. 69 at 41–43 (N.D. Ga. July 21, 2021).

*See, e.g.*, *Griffin v. Equifax Info. Servs., LLC, et al.*, 1:20-cv-02316-CCB, ECF No. 65 at 17 (N.D. Ga. July 21, 2021); *Jordan v. Equifax Info. Servs., LLC, et al.*, 3:20-cv-00199-TCB-RGV, ECF No. 68 at 41–43 (N.D. Ga. July 21, 2021).[1] These magistrate judges even discussed *Roth*, finding its principles inapplicable to claims against CRAs. *Jordan*, 3:20-cv-00199-TCB-RGV, ECF No. 68 at 41–43. These cases do not at all stand for Defendant's position; they stand for the opposite. They are also in alignment with Ninth Circuit and District of Arizona precedent, where the rule is that when a plaintiff alleges they have informed the CRA of the error, they can maintain a claim against the CRA for violation of § 1681i. *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) ("In other words, a CRA must conduct a free and reasonable reinvestigation within thirty days of a consumer informing the CRA of disputed information.") (citing 15 U.S.C. § 1681i(a)(1)(A)); *Hamm*, 2018 WL 3548759 at *4 (citing *Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092, 1097 (D. Ariz. 2003)).

Furthermore, although Trans Union provided different arguments in *Wheeler* than it did here, the fact that § 1681i expressly allows direct notification of the CRAs to trigger a reinvestigation does not change depending on the arguments made. 2018 WL 2431876 at *4. The Court will not engage in tortured statutory interpretation to arrive at a conclusion convenient for Defendant. Trans Union's arguments about Plaintiff's lack of notification to the furnisher are unavailing as to both FCRA provisions.

  iii.  Defining "item of information"

Defendant further argues it was not required to reinvestigate the dispute notation under § 1681i(a)(1)(A) because the notation was not an "item of information" subject to FCRA reinvestigation requirements. (Docs. 53 at 7–10; 59 at 6–7) Plaintiff argues the FCRA makes no distinction between the kinds of information on reports and that all information is subject to reinvestigation requirements. (Doc. 56 at 13–14) Defendant argues that under the rule established for statutory interpretation by the Eleventh Circuit, the phrase "item of information" should be interpreted to mean only biographical information about the consumer, and not a notation of a dispute. *See* Doc. 53 at 8 (citing

6

*Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010)). Tellingly, *Edison* is not a FCRA case; it concerns the ADA. 604 F.3d at 1308. More tellingly, Defendant does not cite to any case within the Ninth Circuit following the same rule of interpretation.

Defendant also cites to one of the Northern District of Georgia cases in which the magistrate judge issued a report and recommendation to grant a motion to dismiss partially based on a finding that the only information FCRA protects is the consumer's information, "e.g., her identifying information, credit account history, and certain public records." *See* Doc. 53 at 8 (citing *Hardnett*, 2020 WL 9598943 at *4 (N.D. Ga. Dec. 16, 2020), *report and recommendation adopted*, No. 120CV03017LMMRDC, 2021 WL 2201301 (N.D. Ga. Apr. 26, 2021), *appeal docketed*, No. 21-11818 (11th Cir. May 25, 2021)). This Court can find no authority within the Ninth Circuit applying the same reasoning.

The Ninth Circuit allows § 1681i claims based on disputes over the status of an account listed in a credit report, if plaintiff pleads that the status is inaccurate or misleading. *See Hamm*, 2018 WL 3548759 at *4–5 (denying Trans Union's motion to dismiss for failure to state a claim under § 1681i when plaintiff pled that Trans Union incorrectly reported her account's status, that she notified Trans Union of the dispute, and that the inaccuracy remained after she contacted Trans Union). Necessarily, an account's status, listed in a notation on the credit report, is considered an item of information for purposes of § 1681i. *Id.* The instant claim is based on a dispute over the status of an account listed in a credit report, and the disputed status happens to be whether the account was disputed with the original creditor. (Doc. 1 at ¶9–10) Plaintiff pled that Trans Union incorrectly reported his account's status as disputed, that he notified Trans Union of the inaccurate notation, and that the inaccuracy remained after he contacted Trans Union. (Doc. 1 at ¶¶9–10,14) Thus, Plaintiff complied with the requirements for stating a claim under § 1681i as listed in *Hamm*. 2018 WL 3548759 at *4 (citing *Neill*, 2017 WL 3838671 at *2).

  iv.  *Reinvestigation requirements*

Finally, Trans Union argues that it cannot be required to reinvestigate because Plaintiff's letter to Trans Union stating he no longer disputes the Jefferson Capital amount

does not provide any information that would help during a reasonable reinvestigation, because Plaintiff never reported the inaccuracy to Jefferson Capital. (Doc. 53 at 12) Plaintiff argues in response that the letter was enough, and that Trans Union did not need him to report the inaccuracy to Jefferson Capital to conduct a reasonable investigation. (Doc. 56 at 16) As has been discussed *ad nauseam*, reporting an inaccuracy to the furnisher is not part of the requirements for a claim made against a CRA under § 1681i. The requirement for the CRA to reinvestigate is triggered upon direct notification by the consumer. § 1681i(a)(1)(A) ("if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information…") Once again, the Court is not willing to take Defendant's suggestions to follow the Northern District of Georgia's logic without similar Ninth Circuit precedent. *See* Doc. 53 at 12 (citing *Briscoe*, 2020 WL 10046994 at *8, *report and recommendation adopted*, 2021 WL 2376663).

Whether Trans Union's reinvestigation would have revealed any new information is not at issue at the current stage of this case; under this Circuit's law, Plaintiff only had to allege Defendant failed to reinvestigate the inaccuracy he reported to Trans Union. *See Hamm*, 2018 WL 3548759 at *4. Plaintiff alleged he reported an inaccurate notation to Trans Union, Trans Union failed to conduct a reasonable reinvestigation, and the notation remained on his report, thus fulfilling the pleading requirements. (Doc. 1 at ¶¶9–10,14,46)

Based on its foregoing analysis, the Court will not dismiss the claims against Trans Union for negligent violation of §§ 1681e(b) and 1681i(a).

### B. Willful Violation

"A willful violation of the FCRA occurs where a defendant knowingly or recklessly violated the FCRA." *Shaw*, 891 F.3d at 760 (internal citations omitted). "Recklessness is an objective standard. A defendant acts in reckless disregard when its action both is 'a

violation under a reasonable reading of the statute's terms' and 'shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'" *Id.* (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68–69 (2007))).

Here, Plaintiff alleges Trans Union "willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information" and "willfully failed to conduct a reasonable reinvestigation." (Doc. 1 at ¶¶52–53) Plaintiffs may allege conditions of the mind generally. *Hamm*, 2018 WL 3548759 at *5 (denying a motion to dismiss where plaintiff generally alleged defendant "willfully" failed to comply with FCRA § 1681e and § 1681i and where the court found plaintiff successfully pled negligent violation of the same sections). Therefore, Plaintiff's allegations are sufficient to survive the motion for judgment on the pleadings because he alleged Trans Union's condition of the mind was willful and adequately pled the elements of a violation of §§ 1681e(b) and 1681i(a)(1)(A).

### IV.   CONCLUSION

Plaintiff's claims for negligent and willful violation of 15 U.S.C. §§ 1681e(b) and 1681i(a)(1)(A) against Defendant Trans Union meet the Rule 12(c) standard.

Therefore,

**IT IS ORDERED** that Defendant Trans Union LLC's Motion for Judgment on the Pleadings (Doc. 53) filed pursuant to Rule 12(c) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Trans Union LLC's Motion to Stay Discovery (Doc. 55) is **denied as moot**.

Dated this 28th day of July, 2021.

Honorable Steven P. Logan
United States District Judge

9